# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL BEASLEY,<br><br>  Petitioner,<br><br>v.<br><br>CHUCK KEETON,<br><br>  Respondent. | Case No. 1:18-cv-00869-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO STAY WITHOUT PREJUDICE AND TO GRANT LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 HABEAS FORMS<br><br>(ECF No. 2) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has moved for a stay while he returns to state court to exhaust his claims. As Petitioner has failed to establish good cause for his failure to exhaust and that the unexhausted claims are potentially meritorious, the undersigned recommends denial of the motion to stay without prejudice. The undersigned further recommends that Petitioner be granted leave to file an amended petition to set forth his exhausted claims for relief along with facts supporting each exhausted claim.

## I.

## BACKGROUND

On May 25, 2018,[1] Petitioner constructively filed a petition for writ of habeas corpus, which challenges his 2014 Kern County Superior Court convictions for burglary, robbery, and

---

[1] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases.

1

terrorist threats. (ECF No. 1 at 1).[2] In the petition, Petitioner lists "Due Process, Brady, Ineffective Assistance, and other violations" as grounds for relief. (ECF No. 1 at 5).

## II.

## DISCUSSION

### A. Motion to Stay

A petitioner in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

Petitioner acknowledges that his petition is unexhausted and requests that the Court stay the instant proceeding while Petitioner exhausts his remedies in state court. (ECF No. 2 at 2). Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78. Furthermore, the Ninth Circuit has stated that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 980, 982 (9th Cir. 2014).

In the motion to stay, Petitioner states:

> Documents necessary to properly argue issues presented in the attached petition are currently in the hands of the Superior Court, Petitioner's family, Petitioner's prior counsel, the Kern County District Attorney's office, and/or other persons residing in California, and Petitioner, who is in custody in Arizona, needs time to obtain these documents, prepare proper pleadings, and exhaust the issues in state court.

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

(ECF No. 2 at 2). However, Petitioner does not provide evidence to support his assertion of good cause. For example, there is no documentation showing that Petitioner has requested any documents from the Superior Court, the District Attorney's Office, or Petitioner's prior counsel.

Even if the Court were to assume Petitioner satisfied <u>Rhines</u>'s good cause requirement, Petitioner has not demonstrated that his unexhausted claims are potentially meritorious. In the petition, Petitioner states:

> Petitioner did not receive a fair trial. At this time, Petitioner is unable to articulate all of the reasons he was denied a fair trial because Petitioner is not skilled in the law, does not have access to the trial record, and is unable to conduct a proper investigation because the records, witnesses, and evidence are in California, but Petitioner is in custody in Arizona. Generally, Petitioner alleges that he was not armed and did not make any threats at any time, but current police procedures encourage and require alleged victims to allege weapons and/or threats to receive services from law enforcement.

(ECF No. 1 at 5). Petitioner has not provided the Court with sufficient facts to demonstrate any of his claims are potentially meritorious.

Based on the foregoing, the Court finds that Petitioner has not satisfied the requirements under <u>Rhines</u>, and the motion to stay should be denied. The Court notes that if Petitioner believes he is able to satisfy the <u>Rhines</u> requirements, Petitioner may renew the motion to stay with additional facts and evidence in support thereof.

**B. Leave to Amend Petition**

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." <u>Rhines</u>, 544 U.S. at 278.

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The basic scope of habeas corpus is prescribed by statute:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); see also Rule 1 of the Rules Governing Section 2254 Cases. Further, Petitioner must state his claim with sufficient specificity. See McFarland, 512 U.S. at 856; Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

As noted above, the instant petition does not set forth sufficient facts supporting Petitioner's grounds for relief. Petitioner merely "alleges that he was not armed and did not make any threats at any time, but current police procedures encourage and require alleged victims to allege weapons and/or threats to receive services from law enforcement." (ECF No. 1 at 5). The petition fails to state a claim for relief and therefore should be dismissed. Nevertheless, Petitioner should be granted an opportunity to file a first amended petition to set forth his exhausted claims for relief along with facts supporting each exhausted claim.

## III.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 13) be DENIED without prejudice to Petitioner renewing the motion to stay if Petitioner believes he can satisfy the Rhines standard with additional facts and evidence;

4

2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED with leave to amend; and

3. Petitioner be GRANTED sixty (60) days to file a first amended petition to set forth his exhausted claims for relief along with facts supporting each exhausted claim.

Further, the Court DIRECTS the Clerk of Court to send Petitioner blank § 2254 habeas forms.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2018**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE