# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL BEASLEY,<br><br>     Petitioner,<br><br>     v.<br><br>CHUCK KEETON,<br><br>     Respondent. | Case No. 1:18-cv-00869-AWI-EPG-HC<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 2, 2018, the Court denied Petitioner's motion to stay without prejudice to Petitioner renewing the motion if he believed he could satisfy the Rhines v. Weber, 544 U.S. 269 (2005), standard with additional facts and evidence. The Court also dismissed the petition with leave to file an amended petition that sets forth Petitioner's exhausted claims for relief along with facts supporting each exhausted claim. (ECF No. 7). To date, Petitioner has failed to renew his motion to stay or file an amended petition, and the time for doing so has passed. Accordingly, the instant habeas action will be closed.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus action should be dismissed debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to CLOSE the case; and

2. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  January 11, 2019               _____
                                    SENIOR DISTRICT JUDGE