# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL BEASLEY,<br><br>    Petitioner,<br><br>    v.<br><br>CHUCK KEETON,<br><br>    Respondent. | Case No. 1:18-cv-00869-AWI-EPG-HC<br><br>ORDER DENYING PETITIONER'S SECOND MOTION TO STAY<br><br>(ECF No. 11) |

Petitioner is a state prisoner who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 2, 2018, the Court denied Petitioner's motion to stay without prejudice to Petitioner renewing the motion if he believed he could satisfy the Rhines v. Weber, 544 U.S. 269 (2005), standard with additional facts and evidence. The Court also dismissed the petition with leave to file an amended petition that sets forth Petitioner's exhausted claims for relief along with facts supporting each exhausted claim. (ECF No. 7). As Petitioner had failed to renew his motion to stay or file an amended petition within the prescribed time period, the Court closed this case on January 11, 2019. (ECF No. 9).

On January 22, 2019, Petitioner filed a second motion to stay. (ECF No. 11). Therein, Petitioner informs the Court that he is in the process of raising additional federal grounds for relief that have not yet been raised and exhausted in state court.[1] Therefore, "Petitioner is seeking

---

[1] "Petitioner contends that he is factually innocent of the charges but was denied a fair trial based on the

1

a stay so that the statute of limitations does not run while he exhausts his remedies in state court." (ECF No. 11 at 2).

Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.

In the motion, Petitioner sets forth the correct legal standards for a Rhines stay and cites relevant cases. However, Petitioner does not allege facts to support the motion; he merely states in a conclusory manner that "an incarcerated petitioner has limited resource[s] at his disposal to litigate any matter in any court." (ECF No. 11 at 2). In explaining why his response to the Court's October 2, 2018 order was delayed, Petitioner states that he was transferred from Eloy, Arizona to Blythe, California and that much of his mail was either lost or delayed during the transfer. (ECF No. 11 at 2–3). Although that may explain why Petitioner failed to file a timely response to this Court's October 2, 2018 order, it does not constitute good cause for Petitioner's failure to exhaust his unexhausted claims given that the factual basis for the unexhausted claims

---

Prosecution's failure to fulfil its discovery obligation under Brady v. Maryland and Kyles v. Whitley and because Petitioner's counsel was ineffective." (ECF No. 11 at 2).

was known to Petitioner since at least the end of his trial.[2] See also Robinson v. Soto, No. ED CV 13-0624 MWF (AFM), 2015 WL 10013740, at *1 (C.D. Cal. Nov. 24, 2015) ("[A]lthough the record suggests that petitioner had some issues with facility transfers and temporary deprivation of legal materials . . . these circumstances did not constitute good cause."), report and recommendation adopted, 2016 WL 492385 (C.D. Cal. Feb. 5, 2016).

Accordingly, IT IS HEREBY ORDERED that Petitioner's second motion to stay (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated:   February 26, 2019                    _____
                                               SENIOR DISTRICT JUDGE

---

[2] The petition alleges that the date of the judgment of conviction was January 27, 2014, and the California Supreme Court denied review on January 11, 2017. (ECF No. 1 at 1, 2).

3